# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AHDI G. ALSHARE, | ) | |
| | ) | |
| Petitioner, *pro se*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV859 |
| | ) | 1:07CR178-1 |
| Respondent. | ) | |

Petitioner Ahdi G. Alshare, a federal prisoner, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 64).[1] That motion was stricken as being deficient, but Petitioner was allowed to file a corrected motion (docket no. 67). In the corrected motion, Petitioner contends that he is entitled to have his conviction for aggravated identity theft vacated under *Flores-Figueroa v. United States*, ___ U.S. ___, 129 S. Ct. 1886 (2009), which holds that the government must prove that a defendant knew that the identity he was stealing was the identity of another real person. He also raises allegations of ineffective assistance of counsel based on events that occurred at the time of his conviction and sentencing. Respondent answered Petitioner's motion with a motion to dismiss (docket no. 76). Petitioner has filed a response (docket no. 80), and both parties' motions are now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

## DISCUSSION

Respondent requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Petitioner's judgment was entered on November 27, 2007; and Petitioner did not file a direct appeal. Therefore, his conviction became final on December 11, 2007. His time to file under subsection (f)(1) began to run at that time and expired a year later on December 11, 2008. Petitioner's original 2255 motion is not dated as having been signed until November 3, 2010, or nearly two years after his time to file had expired. It is not timely under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does allege that he is relying on *Flores-Figueroa*, *supra*, to establish one of his claims. That case was decided on May 4, 2009, however, which was almost eighteen months prior to Petitioner's submission of his original 2255 motion. Therefore, even assuming that subsection (f)(3) would apply based on the *Flores-Figueroa* decision, Petitioner's motion was still about six months late. This subsection does not make his motion timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. The factual portions of the claims in Petitioner's motion existed and could have been discovered at the time he was convicted and sentenced. Therefore, this subsection also does not apply; and Petitioner's motion is untimely under subsection (f).

Petitioner also requests equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, ___,130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner refers again to the

*Flores-Figueroa* decision and claims it supports equitable tolling. That case could affect the timeliness analysis under subsection (f)(3) as already discussed, but is irrelevant to equitable tolling. He also states that his 2255 was late because "before sentencing," he "went to live in Canada" and was not extradited to the United States until January 16, 2010 (docket no. 80 at 2). The truth is not that Petitioner simply "went to live in Canada," but that he was released on bond pending sentencing and fled to Canada in violation of his release terms (docket nos. 19, 52). This caused him to be sentenced *in absentia* (min. entry on 10/29/2007). In no way can fleeing to a foreign country to evade punishment be described as diligent pursuit of one's rights. In fact, it is an abandonment of rights. *See generally Lynn v. United States*, 365 F.3d 1225, 1244 n.34 (11th Cir. 2004) (fugitive disentitlement doctrine applies to motions under 2255). Petitioner is not entitled to equitable tolling, his motion is untimely, and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 76) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 67) be **DISMISSED**, and that Judgment be entered dismissing this action.

WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
June 15, 2011